IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

| | |
|---|---|
| JOHN J. LYNCH, | ) |
|     Plaintiff, | ) |
| v. | )    Civil Action No. 2:23-00389 |
| WEXFORD HEALTH SOURCES, INC. STAFF, | ) |
|     Defendant. | ) |

**PROPOSED FINDINGS AND RECOMMENDATION**

On May 16, 2023, the Court filed what it construed as a letter-form Complaint claiming entitlement to relief pursuant to 42 U.S.C. § 1983. (Document No. 1.) On June 2, 2023, Plaintiff filed a letter-form Motion for Extension of Time to file his Application to Proceed Without Prepayment of Fees and Costs and his form Complaint. (Document No. 4.) By Order entered on June 5, 2023, the undersigned granted Plaintiff's foregoing Motion. (Document No. 5.) On July 12, 2023, Plaintiff filed his letter-form Motion for Voluntary Dismissal. (Document No. 6.) Specifically, Plaintiff states that he is requesting the above action be "voluntarily removed from the docket at this time." (Id.)

**ANALYSIS**

Federal Rule of Civil Procedure 41(a)(1)(A)(i) provides that a plaintiff may voluntarily dismiss an action without a Court Order by filing "a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment[.]" Rule 41(a)(1)(B) states in pertinent part, as follows:

> Unless the notice of dismissal or stipulation states otherwise, the dismissal is without prejudice. But if the plaintiff previously dismissed any federal – or state –

> court action based on or including the same claim, a notice of dismissal operates as an adjudication on the merits.

Rule 41(a)(2) of the Federal Rules of Civil Procedure provides that "[e]xcept as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." The purpose of the Rule respecting voluntary dismissal "is freely to allow voluntary dismissals unless the parties will be unfairly prejudiced." Davis v. USX Corp., 819 F.2d 1270, 1273 (4th Cir. 1987). "A plaintiff's motion under Rule 41(a)(2) should not be denied absent substantial prejudice to the defendant." Andes v. Versant Corp., 788 F.2d 1033, 1036 (4th Cir. 1986). It is well established that prejudice to the defendant does not result from the prospect of a second lawsuit. See Ellett Brothers, Inc. v. U.S. Fidelity & Guaranty Co., 275 F.3d 384, 388 (4th Cir. 2001); also see Vosburgh v. Indemnity Ins. Co. of North America, 217 F.R.D. 384, 386 (S.D. W.Va. Sep. 12, 2003). In considering a Motion under Rule 41(a)(2), the District Court should consider the following relevant, but non-dispositive, factors: "(1) the opposing party's effort and expense in preparing for trial; (2) excessive delay or lack of diligence on the part of the movant; (3) insufficient explanation of the need for a dismissal; and (4) the present stage of the litigation, i.e., whether a motion for summary judgment is pending." Id. These factors are not exhaustive, and no factor should be given weight over another. Gross v. Spies, 133 F.3d 914 (4th Cir. 1998)(citing Ohlander v. Larson, 114 F.3d 1531, 1537 (10th Cir. 1997).

In consideration of the first and fourth factors, the undersigned finds that Plaintiff's request for voluntary dismissal should be granted. The undersigned notes that no Defendant has been served with process in the above case. Considering the second factor, the undersigned notes that there has been no excessive delay or lack of diligence on the part of Plaintiff. Considering the third factor, Plaintiff sets forth the explanation that he does not wish to pursue the action at this time. As stated above, a "motion under Rule 41(a)(2) should not be denied absent substantial prejudice

to the defendant." <u>Andes</u>, 788 F.2d at 1036. In the instant case, there is no indication or allegation of prejudice to any defendant. Further, it is well established that prejudice to the defendant does not result from the prospect of a second lawsuit. Accordingly, the undersigned respectfully recommends that Plaintiff's letter-form Motion for Voluntary Dismissal be granted, and that the instant civil action be dismissed under Rule 41(a)(1)(A)(i) without prejudice. <u>See</u> <u>e.g.</u>, <u>Camacho v. Mancuso</u>, 53 F.3d 48, 51 (4th Cir. 1995)(Rule 41(a)(1) "only allows a unilateral dismissal prior to a defendant's filing an answer to the complaint or filing a motion for summary judgment.")

## **PROPOSAL AND RECOMMENDATION**

The undersigned therefore hereby respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** that the District Court **GRANT** Plaintiff's letter-form Motion for Voluntary Dismissal pursuant to Rule 41(a)(1)(A), **DISMISS** Plaintiff's Complaint (Document No. 1) without prejudice, and remove this matter from the Court's docket.

The Plaintiff is hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge Irene C. Berger. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen (14) days (filing of objections) and three (3) days (if received by mail) from the date of filing of this Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.

Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984). Copies of such objections shall be served on opposing parties, District Judge Berger and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Plaintiff, who is acting *pro se*.

Date: July 13, 2023.

Omar J. Aboulhosn
United States Magistrate Judge